**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 17, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

KENDRICK ARISTOTLE EASTES,

    Defendant - Appellant.

No. 25-4039
(D.C. No. 2:23-CR-00114-JNP-1)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **EID**, and **CARSON**, Circuit Judges.
_____

Kendrick Eastes pleaded guilty to distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A).  The district court sentenced him to a term of imprisonment of 96 months, to be followed by a life term of supervised release. Although the underlying plea agreement contained an appeal waiver, Mr. Eastes nevertheless filed a notice of appeal.  The government has now moved to enforce the appeal waiver pursuant to our decision in *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc).

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

We will enforce an appeal waiver if (1) "the disputed appeal falls within the" scope of the waiver; (2) "the defendant knowingly and voluntarily waived his appellate rights"; and (3) enforcing the waiver would not "result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325.

The government argues, and Mr. Eastes concedes, that all three *Hahn* conditions are met in this case. Accordingly, we grant the government's motion to enforce the appeal waiver and dismiss the appeal.

Entered for the Court

Per Curiam